No. 12,788.

STATE EX REL. L. D. FORD VS. S. M. TAYLOR, JUSTICE OF THE PEACE.

A judgment and execution sale which are founded upon a citation and writ of attachment which have never been served in any manner upon the defendant, temporarily absent, will be held void in the exercise of the supervisory power of the Supreme Court by the writ of *certiorari.*

ON APPLICATION for a Writ of *Certiorari.*

*C. P. Thornhill* for Relator.

Respondent *pro se.*

Submitted on briefs April 7, 1898.
Opinion handed down April 18, 1898.

APPLICATION FOR WRIT OF CERTIORARI.

The opinion of the court was delivered by

WATKINS, J.   Relator alleges that notwithstanding he was a resident and citizen of the parish of Rapides, having permanently removed there from the parish of Caldwell, one A. D. McFarland, instituted a suit against him for the sum of four dollars and seventy-five cents in the court of the respondent, a justice of the peace for

the fifth ward of the parish of Caldwell—said suit having been accompanied by an attachment predicated on the allegation that he was about to remove from the State permanently.

He avers that under said writ his property was seized and that the only notice of any kind that was attempted to be served was the posting of a citation on a church edifice called Palestine, which was in the vicinity of the court; and that thereupon the respondent tried the cause, and rendered judgment against him by default in favor of the plaintiff for the amount of his demand.

That under said judgment an execution was issued, his property seized and sold " without any notice, legal or otherwise, having been given him;" and he charges " that all the acts and things done in the premises by the respondent and his constable were illegal, null and void, because they had no jurisdiction of his person; and because no citation or notice of the aforesaid proceedings was given him, * * * and he was in total ignorance thereof at the time, and until his property had been sold. "

He alleges that the judgment being unappealable his only redress is by resort to the supervisory writ of *certiorari;* and his prayer is, that the respondent be compelled to send the original proceedings up to this court, to the end that their legality and validity be tested, and on final hearing that same be annulled.

In his return the respondent avers that he produces and files a certified exemplification of said record in obedience to the order of the court, and he affirms that at the time of the filing of said suit the relator was a resident and citizen of the parish of Caldwell, temporarily absent from the parish " doing day labor at Alexandria, La., and was fully apprised of the proceedings had against his property in the above entitled cause *by letters mailed to him by a brother who resided at the time* in the immediate vicinity of the property seized and sold."

The respondent further returns " that relator's failure to appear and defend the suit above named is and was upon the assumption that if he failed to appear he would be, under the law, awarded heavy damages against him and the plaintiff."

The transcript which is appended to the return shows that the citation was served by posting same " on the late residence of L. D. Ford," the relator; but it does not show *any service whatever* of the writ of attachment.

That upon the foregoing proceedings a judgment was rendered against the relator, who was absent, by default; but there is nothing therein recited with reference to the attachment having been either dissolved or sustained.

That soon afterward an execution was issued, and relator's property was thereunder seized, and that the notice of seizure was served by " posting same on the residence of L. D. Ford," the relator.

That, after due advertisement and appraisement, said property was advertised and sold.

Conceding all that is claimed in the return of the respondent it is evident that his proceedings were altogether illegal and irregular; for admitting that the relator's residence and domicile were in the parish of Caldwell, and that he was only temporarily in the parish of Rapides, it became essential that he should have been cited as a resident citizen in order to constitute the subsequent judgment and execution sale legal and valid.

On the contrary, it clearly appears that there was no legal service of the citation or writ of attachment of any kind that was at all effective.

The relator's demand must be sustained.

It is therefore ordered and decreed that the relator's demand be sustained and the provisional writ of *certiorari* made absolute, and that the alleged judicial proceedings which are complained of be annulled at the cost of the respondent.